IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RODERICK R. HOLLEY, JR.,** | : | |
| **Plaintiff** | : | |
| | : | No. 1:22-cv-1437 |
| v. | : | |
| | : | (Judge Rambo) |
| **ISRAEL MATOS,** *et al.*, | : | |
| **Defendants** | : | |

## MEMORANDUM

Plaintiff Roderick R. Holley, Jr., who is currently incarcerated at Lebanon County Prison, initiated the above-captioned *pro se* action under 42 U.S.C. § 1983.[1] Holley claims that a correctional officer and another inmate conspired to steal property from him and that two grievance officers failed to take corrective action after the incident occurred. Because Holley's complaint does not identify a cognizable civil rights claim, the Court must dismiss his Section 1983 lawsuit pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## I.   BACKGROUND

Holley's complaint is brief and uncomplicated. He alleges that, in mid-May 2022, defendant correctional officer Israel Matos overheard a telephone call by

---

[1] Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

Holley and obtained information about Holley's personal property. (Doc. No. 1 at 4.) Holley asserts that Matos learned that Holley had "cash, clothing, and personal belongings"—presumably stored at a private residence—with a total value exceeding $8,000.00. (*Id.* at 4, 6.) According to Holley, Matos relayed this information to defendant Larry Whitman, another inmate at Lebanon County Prison, who in turn "used outside sources" to steal Holley's property. (*Id.* at 4.) Holley additionally avers that he utilized "the prison grievance system controlled by [defendants] Rebecca Davis and Tina Litz" but his grievances and appeals were denied. (*Id.* at 3, 4.)

Holley names as defendants Matos, Davis, Litz, and Whitman, but does not indicate what constitutional right or rights he believes these Defendants violated. In the "Legal Claims" section of his form complaint, he lists his claims as "theft," "emotional distress due to cruel and unusual punishment," "deception," and "conspiracy." (*Id.* at 5.) Holley's complaint is fatally deficient in numerous respects and therefore must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

II. **STANDARD OF REVIEW**

Courts are statutorily obligated to review, "as soon as practicable," unrepresented prisoner complaints targeting governmental entities, officers, or employees. *See* 28 U.S.C. § 1915A(a). One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"

2

*Id.* § 1915A(b)(1). This language closely tracks Federal Rule of Civil Procedure 12(b)(6). Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6). *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (*per curiam*) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents. *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted). At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)). Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded. *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 681.

Because Holley proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). This is particularly true when the *pro se* litigant, like Holley, is incarcerated. *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).

## III.   DISCUSSION

As noted above, Holley's complaint suffers from numerous defects.  First, his claims against Davis and Litz lack personal involvement.  Second, Holley attempts to sue Whitman, but Whitman is not a state actor.  Finally, and most importantly, Holley does not identify a constitutional basis for his claim against Matos.  The Court will discuss each of these deficiencies in turn.

### A.   Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).  Rather, a Section 1983 plaintiff must plausibly plead facts that demonstrate the defendant's "personal involvement in the alleged misconduct."  *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through evidence of "personal direction" or "actual knowledge and acquiescence"; however, such averments must be made with particularity.  *Id.* (quoting *Rode*, 845 F.2d at 1207).  Moreover, it is settled law that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.  *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their

5

review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

Holley's only allegation against Davis and Litz is that they handled his post-incident grievances and appeals and denied him relief. This type of conduct does not implicate a constitutional violation and cannot be the basis for Section 1983 liability. Accordingly, any constitutional tort claim leveled against Davis and Litz must be dismissed.

### B.     State Action

Holley's Section 1983 claim against Whitman fails because Whitman is not a state actor. Only state actors can be subject to Section 1983 liability. *See* 42 U.S.C. § 1983; *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009). Holley has provided no plausible allegations as to why Whitman—a county prisoner Holley accuses of perpetrating criminal conduct—should be deemed a state actor under Section 1983. *See Kach*, 589 F.3d at 646. As such, Holley's claim against Whitman must also be dismissed.

### C. Alleged Constitutional Infringement

Holley alleges that Matos was directly involved in a plot to steal his personal property but does not explain how Matos's purported conduct—although potentially illegal—violated Holley's *federal* rights such that a Section 1983 lawsuit is appropriate. After all, "[t]he first step in any [Section 1983] claim is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As best the Court can ascertain, the only possible constitutional tort that Holley could be asserting against Matos is a Fourteenth Amendment claim of deprivation of property without due process of law. *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984). This constitutional tort, however, has significantly limited application. Most acutely, such a due process claim is unavailable when "adequate state post-deprivation remedies are available." *Id.* at 533.

Holley's complaint is silent as to whether adequate state post-deprivation remedies exist for the theft of his property by a correctional officer, but the Court notes that state tort law likely provides a remedy for claims like those Holley is asserting. *See Snead v. SPCA of Pa.*, 929 A.2d 1169, 1183 (Pa. Super. Ct. 2007) (explaining intentional tort of conversion); *see also Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth Amendment due process property deprivation claim

7

due to existence of state post-deprivation remedies). The United States Court of Appeals for the Third Circuit has also held that the prison grievance process constitutes an adequate post-deprivation remedy for loss-of-property claims, even if the plaintiff disagrees with the results. *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).

Holley, therefore, has failed to state a Section 1983 claim against Matos. His assertions of "theft," "emotional distress," and "conspiracy" do not implicate federal civil rights violations.[2] Rather, such allegations sound in state tort or criminal law. Without a federal anchor claim, this Court has no subject matter jurisdiction to consider state-law tort claims (and of course it cannot prosecute state criminal cases). *See, e.g.*, 28 U.S.C. § 1367 (providing for supplemental jurisdiction over state-law claims "in a civil action [where] the district courts have original jurisdiction"). Thus, to the extent that Holley is attempting to assert Pennsylvania tort claims in the instant lawsuit, they must be dismissed because this Court has no jurisdiction to entertain them.

---

[2] Holley's conspiracy claim cannot be construed as a civil rights conspiracy action under 42 U.S.C. § 1983 because he has not identified an underlying constitutional right that Defendants allegedly conspired to violate. *See Jutrowski v. Township of Riverdale*, 904 F.3d 280, 293-94 (3d Cir. 2018); *see also Clayworth v. Luzerne County*, 513 F. App'x 134, 138 (3d Cir. 2013) (nonprecedential) ("[B]ecause [plaintiff] failed to establish an underlying violation of his constitutional rights, his [civil rights] conspiracy claim also fails.")).

### D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile." *Grayson*, 293 F.3d at 114. Holley's complaint is fatally flawed. His claims against all Defendants are legally, rather than factually, deficient and cannot be cured by amendment. In other words, the factual scenario that Holley alleges does not implicate a civil rights violation and no amount of amendment could alter that conclusion. A Section 1983 lawsuit, therefore, is not the appropriate procedural vehicle for Holley's claims. Because amendment would be futile, the Court must dismiss his complaint with prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss with prejudice Holley's complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: January 4, 2023